THE BOARD OF COUNTY COMMISSIONERS OF NEMAHA
COUNTY V. DELANA ALLBERT.

No. 277.

1. EVIDENCE—*rule that repairing bridge be left to commissioner
in whose district located, not, that chairman of board had no
notice of defect.*   The mere fact that a board of county commis-
sioners established a rule that the matter of repairing bridges
should be left to the commissioner in whose district the bridge
was located, does not tend to show whether or not the chairman
had actual notice of the defective and dangerous condition of the
bridge; and evidence of such fact is properly refused.

2. CONTRIBUTORY NEGLIGENCE—*question of fact for jury.*   The
court did not err in refusing instructions.   The question of con-
tributory negligence was a question of fact for the jury.

3. INSTRUCTION—*evidence all showing county rebuilt and re-
paired bridge, that it was "built and paid for" by county,
proper.*   Where all the evidence shows that a county rebuilt,
maintained, and undertook to repair a bridge at the expense of
the county, which cost more than two hundred dollars, the court
properly instructed the jury: "There is no dispute of the fact
that the bridge and approaches in question were built and paid
for by the county."

4. DEMURRER TO EVIDENCE—*evidence fairly sustaining all facts
necessary to recovery, properly overruled.*   The demurrer to the
evidence was properly overruled.   There was evidence fairly sus-
taining all the facts necessary to a recovery.

5. PRACTICE—*plaintiff arguing case and defendant waiving
argument, permitting plaintiff to re-argue and refusing
defendant permission to answer, error.*   Where a plaintiff
makes an opening address to the jury, and the opposite party
waives argument, and the plaintiff is then permitted to re-argue
the case over objection, and the court refuses to allow the de-

·166      NEMAHA COUNTY v. ALLBERT.

N. Dept.            Opinion.  McElroy, J.            6 Kan. App.

fendant to answer, *held*, that the court erred in permitting plaintiff to re-argue the case after defendant waived argument, and also erred in refusing the defendant's request to answer.

Error from Nemaha District Court. Hon. J. F. Thompson, Judge. Opinion filed December 18, 1897. *Reversed.*

*S. K. Woodworth*, for plaintiff in error.

*J. L. Breeding*, for defendant in error.

McELROY, J. This action was brought in the court below by Delana Allbert, against the Board of County Commissioners of the County of Nemaha, to recover for personal injuries to herself and damages to her property on account of a defective bridge across the Nemaha River. The injuries complained of were sustained while she was driving across the bridge. Her horse took fright and backed her buggy off the approach of the bridge at a place where there were no guard rails or railings. A trial was had before a jury, which resulted in a verdict for the plaintiff and judgment against the defendant. A motion for a new trial was filed, overruled, and the defendant, plaintiff in error, presents the case to this court for review.

I. Complaint is made that the court rejected legal, competent evidence. Witness George W. Myrick, chairman of the Board of County Commissioners, was asked : "Q. Were you usually present when the question of repairs on bridges came up? A. No.—Q. What is the usual practice of the Board in relation to that?" This latter question was objected to as incompetent, and the objection sustained. It is insisted that the answer to this question would have tended to show whether or not the witness, as chairman of the Board, had actual notice of the defects in the bridge ;

that the Board had established a rule that the matter of repairing bridges should be left to that commissioner in whose district such bridge was located, and that, as the bridge in question was not in the chairman's district, the notice of the defective bridge was more likely given to the commissioner in whose district the bridge was situated. This evidence was clearly incompetent. It did not in any manner tend to establish any fact relative to the question as to whether or not the chairman of the Board of County Commissioners had notice of the defective and dangerous condition of the bridge in question. The objection to the evidence was properly sustained.

1. Evidence incompetent to prove chairman had no notice.

II. It is complained that the court erred in refusing to give certain instructions asked by the defendant. The question of contributory negligence was a question for the jury and not for the court. The instructions asked did not correctly state the law applicable to the case under consideration, and were properly refused.

2. Contributory negligence, question of fact.

III. It is urged that the court erred in instructing the jury : " Nor is there any dispute of the fact that the bridge and approaches in question were built and paid for by the county." Henry Crary testified that he was a resident of Nemaha County; that he knew the bridge in question for several years; that the span of the old bridge was fifty feet in length, and the approaches about fifty feet; that the bridge cost more than two hundred dollars; that in 1889 he was employed by the Board of County Commissioners to rebuild, and did rebuild, the bridge and its approaches; that the county furnished the material and paid him for the work; that at the time he rebuilt the bridge, he put up railings the full length of the thirty-six foot span, and half the distance on the approaches;

168 NEMAHA COUNTY v. ALLBERT.

N. Dept.          Opinion.  McElroy, J.          6 Kan. App.

that the railing on the span of the bridge is in place; that at the time of the accident the railing on the approaches at the south end of the bridge had been down for at least two years.  Henry Kemper testified that in 1892, by the order and direction of the Board of County Commissioners, he repaired the bridge.  None of this testimony was contradicted.  It seems, from an examination of the record in this case, that there was no dispute of the fact that the bridge and approaches in question were built and paid for by the county, and that such repairs as were made on the bridge were also made by the county.  The instruction was properly given.

3. Instruction that bridge "built and paid for" by county, proper.

IV.  It is contended that the Court erred in overruling the demurrer of the defendant below to the evidence of the plaintiff.  This action was brought under section 7134, General Statutes of 1889, which reads :

4. Demurrer to evidence properly overruled, when.

"Any person who shall without contributing negligence on his part sustain damages by reason of any defective bridge, culvert, or highway, may recover such damages from the county or township wherein such defective bridge, culvert or highway is located, as hereinafter provided ; that is to say, such recovery may be from the county when such damage was caused by a defective bridge constructed wholly or partially by such county, and when the chairman of the board of county commissioners of such county shall have had notice of such defects for at least five days prior to the time when such damage was sustained ; and in other cases such recovery may be from the township, where the trustee of such township shall have had like notice of such defect."

Herein complaint is made, *first*, that the evidence fails to show that the Board of County Commissioners of Nemaha County ever determined that the bridge in question should be built and repaired at the expense of the county.  We find from an examination of the

record that, prior to 1888, there was a bridge across the Nemaha River at the location of the bridge in question, and that this old bridge was torn down in 1889 and a new bridge constructed. The span of the new bridge was thirty-six instead of fifty feet. This bridge was constructed by Henry Crary, who was employed for that purpose and paid by the county of Nemaha. He constructed the bridge of material furnished by the county, extended the approaches to the bridge, and put up the railing. Afterward, in 1892, Henry .Kemper, under the direction of the County Commissioners, repaired the bridge to some extent.

Now it seems that this, that is, the building and repairing of the bridge, would of itself be a sufficient determination of the matter by the Board of County Commissioners. "The county commissioners of each county shall determine what bridges shall be built and repaired at the expense of the county." ¶ 501, Gen. Stat. 1889. It seems that the building and repairing of a bridge would show conclusively the determination of a board of county commissioners in that regard. In the case at bar, the defective bridge was constructed wholly by the county ; and we think it sufficiently appears that the County Commissioners had determined that this bridge should be built and repaired at the expense of the county, from the fact that such building and repairing was done at the request, and under the direction, of the Board of County Commissioners, at the expense of the county.

It is complained, *second*, that there was no evidence that George W. Myrick, chairman of the Board, had notice that the bridge was in a defective condition. The court instructed the jury :

"If you believe from the evidence that George W. Myrick, the chairman of the Board of County Com-

170     Nemaha County v. Allbert.

N. Dept.          Opinion.  McElroy, J.          6 Kan. App.

missioners, had actual and personal notice of the defective and dangerous condition of the bridge and its approaches, for at least five days before the accident occurred, then your verdict should be for the plaintiff, for such damages to her person and property as the evidence shows she has sustained ; unless you further find from the evidence that, by her own negligence or want of ordinary, reasonable care and prudence, she contributed directly to the injuries complained of.''

The jury found that the chairman had actual and personal notice of the defective and dangerous condition of the bridge and its approaches.  The court submitted to the jury findings, which were answered by the jury, as follows :

''1.  Did Geoge W. Myrick, chairman of the Board of County Commissioners of Nemaha County, Kansas, have actual notice of the defect in such bridge — if any such existed — for at least five days prior to the accident complained of ?   Ans. Yes.

''2.  If the last question is answered ' yes,' state by whom, when and where such notice was given him. A.  H. Kemper.  In May, June, or July, 1892, in county clerk's office.''

Is there sufficient evidence of notice to sustain the findings of the jury?  Henry Kemper testified that he was trustee of the township where the bridge was located ; that some person reported to him that the bridge was in a dangerous condition ; that he examined it and found some of the railing off, some trestle work rotted out, and that the bridge needed repairing ; that he saw the Commissioners and told them the condition of the bridge ; that, authorized by the Commissioners, he did, to some extent, repair it, and directed the ''road boss'' to put guards on the approaches, but that such guards were not put up.   There was some other testimony tending to show that the chairman had notice of the dangerous condi-

tion of the bridge. The testimony on this question was, however, conflicting. We think that the jury had sufficient evidence to warrant the finding that the chairman had notice.

V. Lastly, it is said that the court erred in refusing to submit the case to the jury immediately after the opening argument by counsel for defendant in error. Prior to the argument of the case to the jury, the court announced that the argument would be limited to forty-five minutes on each side. J. L. Breeding opened the argument on behalf of the plaintiff with a ten-minute speech only, and announced that he did not desire to make any further argument in the opening of the case. Frank Wells, attorney for the defendant, then waived argument on the part of the defendant and requested that the case be submitted to the jury without further argument. Thereupon R. M. Emery, an attorney for the plaintiff, was permitted to address the jury for thirty minutes, and the court refused the request of counsel for defendant to be allowed to answer. This, we think, was error. The plaintiff's attorneys had no right to renew their argument after the defendant had waived his; but if the court should, in its discretion, permit them to do so, it should have permitted the defendant to answer such argument. For the court to refuse the defendant's request to answer such argument, was not only an abuse of discretion, but was the prejudicial denial to the defendant of a right. *S. K. Rly. Co. v. Michaels*, 49 Kan. 388.

5. Error in permitting and refusing arguments to jury.

The judgment will be reversed, and the cause remanded for a new trial.

Mahan, J. P., concurring.

Wells, J., having been of counsel, not sitting.