THE NEW YORK AND LONG BRANCH RAILROAD COMPANY, PLAINTIFF IN ERROR, v. CHRISTOPHER GARRITY, DEFENDANT IN ERROR.

Submitted December 5, 1898—Decided February 27, 1899.

When, in the summing up to the jury, the defendant's counsel refuses to reply to the opening argument made on behalf of the plaintiff on account of its meagre and unsubstantial character, it is discretionary with the court to grant or refuse counsel for the plaintiff permission to further address the jury. If such permission is granted the defendant has a right to be heard in reply to such further address, and if he exercises that right the plaintiff is then entitled to make the closing argument.

---

On error to the Monmouth Common Pleas.

Before MAGIE, CHIEF JUSTICE, and Justices DIXON, GARRISON and GUMMERE.

For the plaintiff in error, *Applegate & Hope.*

For the defendant in error, *James D. Carton.*

The opinion of the court was delivered by

GUMMERE, J. In disposing of this writ of error it will be necessary to consider but one of the exceptions taken at the trial, namely, whether the ruling of the court with relation to the opening and reply in the summing up to the jury was erroneous.

The question arose, as appears by the bill of exceptions, in this way : After the testimony on both sides had been closed, the defendant's counsel requested an opening from the plaintiff, whereupon " plaintiff's counsel made a few remarks in opening the case." Defendant's counsel objected to the opening as being insufficient, and stated that, if that was all that plaintiff had to say, he had no reply to make. Plaintiff's counsel then proceeded " to sum up the case," to which defendant's counsel objected on the ground that, as he had not answered the opening argument there was nothing for plaintiff to reply to. The court, however, permitted plaintiff's counsel to proceed with his second argument notwithstanding the objection. At its close defendant's counsel asked to be permitted to reply to it. This request was refused by the court and to this ruling exception was taken and sealed.

We think that in this refusal there was error. Ordinarily a plaintiff who makes a mere nominal opening does so at his peril, and, if the defendant then submits his case without argument, the plaintiff will not be allowed to make a second argument. But, although this is the customary practice, it is always within the discretion of the court, when such a case arises, to permit the making of a second argument by the plaintiff, or rather, to state it more accurately, to make a fuller and more complete opening ; and such permission will usually be granted when it appears that plaintiff has been led into making merely a formal opening, by the action of the defendant. When a second and more extended opening is

permitted, however, the defendant is entitled to reply to it if he so desires, and if he does so, the plaintiff then has a right to make the closing argument.

The refusal of the court to permit the defendant's counsel to reply to the enlarged opening of the plaintiff deprived him of a substantial right, and the judgment below should therefore be reversed.