THE ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY
v. H. S. VANZEGO.

No. 14,104.    (80 Pac. 944.)

SYLLABUS BY THE COURT.

PRACTICE, DISTRICT COURT—*Argument to Jury.* Where, on the trial of a case in a district court, the arguments to the jury are limited to one hour on each side, and the attorney for the party on whom rests the burden of the issue announces that he desires to occupy only thirty minutes and requests the court to inform him when the time has expired, which the court does, and he ceases without request for further time, and thereupon the attorney for the opposing party asks that the case be submitted without further argument, it is prejudicial error to permit another attorney to address the jury in behalf of the first party.

Error from Miami district court; WINFIELD H. SHELDON, judge. Opinion filed May 6, 1905. Reversed.

*Pratt, Dana & Black,* and *L. F. Parker,* for plaintiff in error.

*B. T. Riley,* and *Frank M. Sheridan,* for defendant in error.

The opinion of the court was delivered by

CLARK A. SMITH, J.: This is an action by the defendant in error to recover from the plaintiff in error actual and exemplary damages for negligently carrying him to a place on a branch line of defendant company away from the station on its main line to which he gave a proper ticket to the conductor. Upon the verdict judgment was rendered for $213.25, of which sum the jury, in answer to a special question, found $13.25 to be actual damages for the injury suffered; the remaining $200 was, presumably, exemplary damages. This amount seems large, under the circumstances, but there was some evidence of gross negli-

gence and insulting conduct on the part of the defendant's trainmen toward the plaintiff, and, there being no definite rule for determining this class of damages, and the trial court having approved the verdict, the judgment will not be reversed on that ground.

There are also several assignments of error in admitting and excluding evidence, and in giving and refusing instructions, but they are not material.

A question of practice is raised which demands our consideration and which has not heretofore been decided in this court. After both parties had produced their evidence and rested and the court had charged the jury it was announced that the arguments would be limited to one hour on each side. One of the counsel for plaintiff spoke about thirty minutes and concluded his argument. Thereupon the attorney for defendant asked that the case be submitted without further argument, but another attorney for the plaintiff insisted that he had the right to occupy the remaining time allowed his side. The defendant objected, and after some discussion the court said to the attorney for plaintiff: "If you want to insist on an argument and take your chances on it, you may." He proceeded to argue the case.

Under similar circumstances it was said in *Nemaha County v. Allbert*, 6 Kan. App. 165, 51 Pac. 307, that the plaintiff's attorneys had no right to renew their argument after the defendant had waived his, and that it was error for the court to refuse the request of defendant's counsel to reply after plaintiff's attorneys had concluded the second argument. Also, it was said in *S. K. Rly. Co. v. Michaels*, 49 Kan. 388, 30 Pac. 408, under circumstances similar to this case, that it was not error for the court in its discretion to refuse to allow plaintiff to make an argument after the defendant had waived. In *Hackney v. Del. & Atl. Tel. Co.*, 69 N. J. L. 335, 339, 55 Atl. 252, it was said:

"It was not within the discretion of the court to

Railroad Co. v. Vanzego.

permit a second counsel to address the jury on the same side as that of the counsel who had opened. It may be in the discretion of the court to permit the same counsel who had already addressed the jury to make a fuller opening in case he shall so request, but to permit other counsel to do so or to further address the jury for the plaintiff when no reply has been made by the counsel for the defendant, is not discretionary." (See, also, *N. Y. & Long Branch R. R. Co. v. Garrity,* 63 N. J. L. 50, 42 Atl. 842.)

The Hackney case defines the better practice and is in accord with the recognized procedure in the district courts of this state. The bar consider it an advantage to have the opening and closing arguments to the jury; indeed counsel not infrequently, in doubtful cases, contend that the burden of the issue rests upon their side, though this be a disadavantage, in order that they may secure the greater advantage of having the opening and closing arguments. It is a constant temptation, sometimes yielded to by able and reputable practitioners engaged for the plaintiff, to have a mere nominal opening argument made in order that in the closing arguments they may, without repetition, present their case and the evidence to support it in its most favorable light, and thus debar the opponent from disclosing any flaws or fallacies which with great cunning and skill they may weave into the texture of the final address and thereby conceal them.

It is a wholesome practice to have it understood that the party having the burden of the issue must make a full and fair presentation of his case in the opening or take the chances of entirely losing the opportunity so to do.

The judgment of the district court is reversed.

All the Justices concurring.